# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARVEY PATRICK SHORT** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 18-3550** |
| | : | |
| **MARIROSA LAMAS** | : | |

**MCHUGH, J**  **JANUARY 9, 2019**

## MEMORANDUM

Plaintiff Harvey Short has filed this Petition for a Writ of Habeas Corpus, arguing that he is entitled to immediate release from custody because he has wrongfully been denied credit for time served by state courts. Ordinarily, this case would have been referred to a Magistrate Judge for a Report and Recommendation, but an oversight in the Clerk's Office has resulted in a delay in this matter being referred to a judge for resolution. Accordingly, I have undertaken an immediate review of the merits of the petition, without even ordering a response from the Commonwealth, because if Petitioner were correct, his continued incarceration would be unlawful. Having now conducted that review, for the reasons that follow, Petitioner is not entitled to relief.

According to his petition, Petitioner was arrested for robbery on February 25, 2011. He pled nolo contendere and was sentenced to 18 to 36 months in prison, followed by 7 years of probation, by the Delaware County Court of Common Pleas. He fully served the 36 months (no parole was granted), and while serving probation, he was arrested and convicted of misdemeanor theft. Petitioner's probation was then revoked on October 20, 2015, and petitioner was given a new 1 to 4-year sentence for the violation. The sentencing court did not specify that he should

1

be given credit for the 36 months served on the robbery charge.  According to Petitioner, he did not serve all of the sentence for the probation violation but was released on parole as of April 30, 2018.  He then violated again and was taken back into custody.  Petitioner states that, as of the date of his petition, he had served a total of 72 months.  He alleges that the failure to give him credit for time served when he was sentenced for the probation violation constitutes double jeopardy, due process, and equal protection violations.

Petitioner cites *Oakman v. Dep't of Corr.,* 903 A.2d 106 (Pa. Commw. Ct. 2006) for the proposition that he should have received credit for the 36 months already served when being sentenced for his probation violation on October 20, 2015.  This is a misreading of *Oakman*.  There, the sentencing judge had ordered that the defendant be given credit for time served, and he did not receive it.  *Id.* at 107.  Oakman then sought a writ of habeas corpus and/or mandamus compelling the Department of Corrections to honor the order.  *Id.*  Here, Petitioner argues that the judge was *required* to give him such credit at the time of sentencing, a proposition that *Oakman* does not support.  Nor am I aware of any other authority that requires such credit, so long as a defendant does not serve a sentence on the underlying offense greater than allowed by law.

Under 42 Pa. Cons. Stat. § 9760(2), credit must be given for time spent in custody under a prior sentence if a defendant is later re-prosecuted and re-sentenced for the same offense or another offense based on the same act. Pennsylvania appellate courts have held that the controlling issue is whether a defendant has been sentenced to a term of confinement in excess of the maximum penalty allowed for the original offense.  *Aviles v. Pa. Dep't of Corr.,* 875 A.2d 1209, 1212-13 (Pa. Commw. Ct. 2005), provides a good summary of Pennsylvania law.  There, the Court analyzed precedent and concluded that *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127

(Pa. 2005) provides the controlling rule. The *Aviles* court summarized the *McCray* rule: "[T]here is no clear right to mandamus credit relief where the combined total confinement components of original and VOP sentences do not exceed the legal maximum for the crimes." *Aviles*, 875 A.2d at 1212.

The *Aviles* court explained that *Commonwealth v. Williams*, 662 A.2d 658 (Pa. Super. Ct. 1995), provides an example of the circumstances in which credit must be awarded for time served. In *Williams,* the appellant had served 23 months for an unlawful taking conviction (of an original sentence of 11 ½ to 23 months imprisonment and 3 years of probation) and then was sentenced to 3 ½ to 7 years after his probation was revoked. *Id.* at 658-59. The maximum sentence allowable for the conviction, which was a third-degree felony, was 7 years, but he was not given credit for the 23 months served. *Id.* at 659. The Superior Court held that credit was required for previous time served because otherwise, at the upper end of the range, the defendant would serve more than the 7-year maximum permitted by law. *Id.*

Petitioner here does not specify the details of his robbery conviction, but that does not prevent an analysis of his claim. Even if one assumes he was convicted of the lowest degree of robbery recognized by state law—a felony of the third degree, 18 Pa. Cons. Stat. § 3701(b)—the statutory maximum would be 7 years. 18 Pa. Cons. Stat. § 1103(3). Consequently, the 1 to 4-year sentence imposed on October 20, 2015 would, even in combination with the 36 months (3 years) served, not exceed the maximum allowable sentence of 7 years.

Consequently, his continued detention is not unlawful.

        /s/ Gerald Austin McHugh
        United States District Judge